NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

BAR-BROOK MANUFACTURING COM-
PANY, Inc., Respondent.

No. 14971.

United States Court of Appeals,
Fifth Circuit.

March 30, 1955.

Rehearing Denied May 9, 1955.

George J. Bott, General Counsel, Melvin Spaeth, Elizabeth W. Weston, Atty. N.L.R.B., A. Norman Somers, Marcel Mallet-Prevost, Assts. Gen. Counsel, David P. Findling, Associate Gen. Counsel, N.L.R.B., Washington, D. C., for petitioner.

Samuel Lang, New Orleans, La., Philip Goode, Shreveport, La., Kullman & Lang, New Orleans, La., for respondent.

Before HUTCHESON, Chief Judge, BORAH, Circuit Judge, and DAWKINS, District Judge.

HUTCHESON, Chief Judge.

This proceeding is before this court upon the petition of the National Labor Relations Board for enforcement of its order, issued against respondent on June 17, 1953, as amended on February 3, 1954, reported at 105 N.L.R.B. No. 89.

The Board found that respondent violated Section 8(a) (1) and (5) of the Act, 29 U.S.C.A. § 158(a) (1, 5), by refusing to recognize and bargain with Local 79, International Brotherhood of Boilermakers, Iron Ship Builders and Helpers of Amerca, A. F. L., even though this Union had been elected and certified as the statutory representative of respondent's employees. In addition, the Board found that respondent independently violated Section 8(a) (1) of the Act by threatening employees with reprisals unless they ceased their union activity.

The respondent contests enforcement of the order based upon the findings, that respondent "violated Section 8(a) (1) of the Act by threatening employees with reprisal unless they ceased their union activities", upon the ground that the findings of the trial examiner adopted by the Board as to the conduct of and remarks made by Plant Superintendent Swor and Foreman Steiner are not supported by substantial evidence and, if they are, they do not in law constitute violations of Section 8(a) (1) of the Act.

It contests enforcement of the finding and order, that respondent violated Section 8(a) (1) (5) by refusing to recognize and bargain with the duly elected and certified representative of respondent's employees, on the ground that the certification upon which the Board's order is based is invalid because: (a) the Board's determination that seasonal workers were eligible to vote in the election as members of the unit was arbitrary and capricious; (b) the election was invalidated by the conduct of members of the union which had been brought to the attention of the Board both before and after the election; and (c) the conduct of the representation proceedings violated the National Labor Relations Act, the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., and its own rules and regulations resulting in a denial of due process and a fair trial.

The Board vigorously opposing these contentions, is here insisting by brief and oral argument: that the record fully supports examiner's findings as to the unfair labor practices charged; that the election was fairly and properly conducted; and that respondent's objections to it are without merit and were properly rejected by the board.

■ We agree with the Board that this is so. A careful reading of the examiner's intermediate report demonstrates, we think, that instead of presenting the picture, sometimes presented by some intermediate reports, of an examiner uniformly crediting the witnesses for the general counsel and as uniformly discrediting those for the respondent, the report shows, a careful and studied consideration of the evidence, an equally careful weighing of credibility and appraisement of the effect of the evidence, and considered conclusions impartially arrived at.

To the extent, then, that the respondent's attack is upon the examiner's determinations as to the credibility of the witnesses and the facts established on the record, its attack upon them must be rejected as unmeritorious. To the extent that the attack is upon the legal sufficiency of the evidence, in the light of the claim of privilege, with respect to the remarks made by Foreman Steiner and of the claim that the incidents were too isolated, we think it was well within the legal competency of examiner and Board to make the determinations they did in both of those respects. The objections to the findings, that there have been 8(a) (1) violations, are disallowed and the order of the Board as to them will be enforced.

■ As to the chief issue in the case, the validity of the election, we think it

clear that the Board has the best of the argument. We fully understand and approve the position of counsel, that respondent is entitled to a fair election, and we have in cases written by us, N. L. R. B. v. Sidran, 5 Cir., 181 F.2d 671 and other similar cases, made that clear. In Sidran's case and in similar cases, we have flatly held that a respondent is entitled to a fair election and that the Board must fairly consider and as fairly determine complaints against elections which have substance and merit. On the other hand, we have held with equal firmness and continuity that the matter of representation elections is remitted to the Board and the burden is upon the respondent to show adequate reasons for setting an election aside,[1] and we think the respondent has failed to do that here.

■■ As to the seasonal workers, we think it clear that, as shown by the Board's decisions, the Board has usually taken the view of the matter, correctly taken here, that, as to seasonal employees, there is no hard and fast rule and that in each case the issue should be decided by weighing and measuring the circumstances peculiar to that case. We find nothing in the record to impeach the conclusion of the Board that it was proper to include seasonal workers, nothing to show that their inclusion was injurious to respondent or that, if it was, it was not such an injury as respondent had brought upon itself by its practices in regard to hiring seasonal workers.

Finally, when it comes to the issue, on which respondent mainly relies and of which it seeks to make much, we think it stands no better. This issue is the one it first attempted to make in connection with a strike, that the strikers and their sympathizers acted violently and improperly. It first made it as a claim of an unfair labor practice which it presented to the general counsel as a charge against the union with the request that it be processed and pressed. On this aspect of the matter we think it clear that the respondent is foreclosed by the action of the general counsel refusing in his discretion to receive and process it.

It brings the same charges up in a second and supplemental way by presenting them to the Board as grounds for invalidating the election and by claiming here that, in refusing to consider and give them effect, the Board erred both in rejecting them and in the manner of their rejection, by in effect abdicating its own function with the statement that this was a matter on which the general counsel had plenary authority to pass and the Board was without jurisdiction to reconsider the propriety of his action in refusing to process the charges.

■■ We agree with counsel that this would not be a correct statement of the authority of the Board in connection with a tender of these charges as matters of fact bearing upon the conduct of the election. We think it clear, though, that the Board's statement made here must be read and construed as a correct statement of the principle that the general counsel's decision is final as to processing such complaints; and that the Board meant to say no more than that the failure of the general counsel to process these complaints can not be reviewed or set aside by the Board.

We do not think the Board intended to, or did, hold that, viewed as complaints against the validity of the election, the Board could not consider them. Indeed, in its amended order it expressly found that the matters complained of were too remote in time and circumstance. In so holding the Board, in our opinion, correctly resolved the controversy against respondent's contention. These occurrences were too remote, they were not causally connected with the election in any way. It would, we think, be as unreasonable to hold that the election was invalidated by violence occurring while a strike was in progress some two months before the election, as it would be to hold that a general election was invalidated by violence occurring in the campaign two months before the election.

1. Cf. N. L. R. B. v. Huntsville Mfg. Co., 5 Cir., 203 F.2d 430.

Viewed in the light of the whole record, we think it plain that as matter of law nothing alleged by the respondent had, or could have had, the effect of invalidating the election and that, therefore, the Board's failure to consider whether or not the matters charged occurred, could not, as matter of law, be erroneous.

No substantial ground for refusing enforcement of the Board's order appearing, it will be enforced as written.