James SMITH et al., Plaintiffs-
Appellants,

v.

LOCAL NO. 25, SHEET METAL WORK-
ERS INTERNATIONAL ASSOCIA-
TION, Defendant-Appellee.

No. 73-2338.

United States Court of Appeals,
Fifth Circuit.

Sept. 11, 1974.

Jack N. Price, Longview, Tex., for plaintiffs-appellants.

David R. Richards, Austin, Tex., for defendant-appellee.

Before BELL, THORNBERRY and DYER, Circuit Judges.

THORNBERRY, Circuit Judge:

Charlie Smith and James Smith were suspended and expelled from their Union for their failure to pay dues. Appellant Wylie Smith was suspended for the

same delinquency, but was reinstated to membership in good standing after he had tendered the required payments. Subsequent to the suspension and expulsion episode, all three brought suit in federal court contending that the Union had consistently discriminated against them, and in favor of other Union members, in job referrals within the Union's trade area "contrary to the provisions of section 8 of the National Labor Relations Act, as amended." The two expelled members contended additionally that the Union had "deliberately and fraudulently" refused to permit their membership reinstatement pursuant to the Union's constitution.

The district court concluded that appellants' first claim presented a matter within the exclusive jurisdiction of the NLRB because appellants accused the Union of engaging in conduct which is arguably an unfair labor practice under section 8(b)(2) of the Labor Management Relations Act, citing Local 100 of United Ass'n of Jour. & App. v. Borden, 1963, 373 U.S. 690, 83 S.Ct. 1423, 10 L. Ed.2d 638, and San Diego Building Trades Council v. Garmon, 1959, 359 U. S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775. The district court rejected appellants' effort to predicate the suit on section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), and thus to avoid preemption, William E. Arnold Co. v. Carpenters District Council, 1974, 417 U.S. 12, 94 S.Ct. 2069, 40 L.Ed.2d 620, by noting that section 301(a) was inapplicable since the appellants had neither alleged a violation of any collective bargaining agreement nor even introduced such an agreement in evidence. The district court concluded that the appellants' reliance upon a claim that the Union had breached its duty of fair representation was misplaced since a DFR claim is jurisdictionally cognizable only in the context of a section 301(a) action. The court further held that the two plaintiffs seeking reinstatement were not entitled, as nonmembers, to claim a duty of fair representation from the Union, and as nonmembers, could not avail

themselves of section 102 of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 412.

Appellants contend that their claims are not preempted, that jurisdiction properly lies in the federal district court, and that this court should reverse and remand for trial. Although the issues involved have been briefed and argued, the procedural posture of this case is still somewhat puzzling. Shortly after the filing of the suit, depositions were taken and interrogatories were answered. Armed with the information there disclosed and with supporting affidavits, the Union filed a motion for summary judgment pursuant to Fed.R. Civ.P. 56. Plaintiffs responded in kind, attempting to demonstrate that material issues of fact existed warranting a trial on the merits. The Union counter-attacked with a brief styled "In Support of Motion for Summary Judgment and in Support of Motion to Dismiss for Want of Jurisdiction." The plaintiffs, not to be outdone, responded with a brief of their own.

The result of the battle was the granting of a dismissal "for lack of jurisdiction." The order, however, does not stop with its decision of the jurisdictional question. There are references in the order to matters normally reserved for dispositions under Fed.R.Civ. P. 12(b)(6), where the plaintiff has failed to state a claim upon which relief can be granted. Additionally, however, the district court relied upon affidavits, other extra-pleading materials, and oral argument on the motion, thus automatically converting what might have been an alternative dismissal for failure to state a cause of action into a summary judgment on the merits, the requirements of which are governed by Fed.R. Civ.P. 56. Arrington v. City of Fairfield, Alabama, 5th Cir. 1969, 414 F.2d 687, 692; Carter v. Stanton, 1972, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L. Ed.2d 569. Consequently, although styled a dismissal for lack of jurisdiction, we treat the order for what it is: a dismissal for lack of subject matter

jurisdiction or alternatively a grant of summary judgment on the merits.[1] While we disagree with much of what the district court said in its order, we are in agreement as to the result: the Union was entitled to summary judgment on both claims.

■ In finding that the appellants' job referral claim was preempted by the NLRB's exclusive jurisdiction, the district court relied upon tests announced by the Supreme Court. In enacting the National Labor Relations Act and later the Labor Management Relations Act,

Congress did not merely lay down a substantive rule of law to be enforced by any tribunal competent to apply law generally to the parties. It went on to confide primary interpretation and application of its rules to a specific and specially constituted tribunal and prescribed a particular procedure for investigation, complaint and notice, and hearing and decision, including judicial relief pending a final administrative order. Congress evidently considered that centralized administration of specially designed procedures was necessary to obtain uniform application of its substantive rules and to avoid these diversities and conflicts likely to result from a variety of local procedures and attitudes toward labor controversies . . . A multiplicity of tribunals and a diversity of procedures are quite as apt to produce incompatible or conflicting adjudications as are different rules of substantive law . . .

Garner v. Teamsters, etc., Union, 1953, 346 U.S. 485, 490–491, 74 S.Ct. 161, 165–166, 98 L.Ed. 228. Consequently, as a general rule, neither state nor federal courts have jurisdiction over suits directly involving "activity [which] is arguably subject to § 7 or § 8 of the Act." San Diego Building Trades Council v. Garmon, *supra*, 359 U.S. at 245, 79 S.Ct. at 780.

■ It is true of course that union discrimination in job referrals against a member of the bargaining unit is a matter normally within the exclusive jurisdiction of the NLRB. Journeymen & Apprentices Local 100 v. Borden, 1963, 373 U.S. 690, 83 S.Ct. 1423, 10 L.Ed.2d 638. But even this general rule is not without exception. In Int'l. Brotherhood of Boilermakers v. Hardeman, 1971, 401 U.S. 233, 91 S.Ct. 609, 28 L.Ed.2d 10, the Court held that a federal district court had jurisdiction to entertain a suit arising under the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 401 et seq., even though the subject matter of the suit was a claim of union discrimination against a member in job referrals. Our first task is to decide whether an exception to the general rule is available here, in light of the preemption doctrine.[2]

The appellants contend that their first claim falls within the exception to the preemption doctrine first recognized in

1. "It is a familiar principle that the label a district court puts on its disposition of a case is not binding on a court of appeals." Tuley v. Heyd, 5th Cir. 1973, 482 F.2d 590, 593.

2. Since *Garmon*, the Supreme Court has carved out several exceptions to the general preemption principle. The exceptions permit courts to adjudicate cases involving suits for violent torts or libel under state law, Linn v. Plant Guard Workers Local 114, 1966, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582, section 301 suits for breach of the collective bargaining agreement, 29 U.S.C. § 185(a), William E. Arnold Co. v. Carpenters District Council, 1974, 417 U.S. 12, 94 S.Ct. 2069, 40 L.Ed.2d 620, damage suits under section 303, 29 U.S.C. § 187, Teamster Local 20 v. Morton, 1964, 377 U.S. 252, 84 S.Ct. 1253, 12 L.Ed.2d 280, some suits brought under section 14(b), 29 U.S.C. § 164(b), Retail Clerks etc., Local 1625 v. Schermerhorn, 1963, 375 U.S. 96, 84 S.Ct. 219, 11 L.Ed.2d 179, claims brought under the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 412, Int'l. Brotherhood of Boilermakers v. Hardeman, supra, some matters of "peripheral concern to the LMRA," Int'l Ass'n of Machinists v. Gonzales, 1958, 356 U.S. 617, 78 S.Ct. 923, 2 L.Ed.2d 1018, and at least some suits under the rubric of the duty of fair representation, Vaca v. Sipes, 1967, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842. *See* Bryson, supra, 51 Tex.L.Rev. 1037, 1041 (1973).

Smith v. Evening News Ass'n, 1962, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246, for suits brought pursuant to section 301(a) of the Taft-Hartley Act, 29 U.S. C. § 185(a). They argue that this is a section 301(a) action because the duty of fair representation is imposed upon the Union by the very nature of the collective bargaining agreement. Therefore, they contend, a suit to remedy a breach of the duty of fair representation is one of the class of "suits for violation of contracts between an employer and a labor organization," 29 U.S.C. § 185(a), which the federal courts are expressly empowered to hear.

■ We agree with the district court that section 301(a) provides no jurisdictional basis for this suit. The duty of fair representation arises not out of the collective bargaining agreement but out of sections 8(b) and 9(a) of the Labor Management Relations Act, 29 U.S.C. §§ 158(b), 159(a). Ford Motor Co. v. Huffman, 1953, 345 U.S. 330, 337, 73 S.Ct. 681, 686, 97 L.Ed. 1048; Sanderson v. Ford Motor Co., 5th Cir. 1973, 483 F.2d 102, 109–110; Local Union No. 12, United Rubber, C., L. & P. Wkrs. v. NLRB, 5th Cir. 1966, 368 F.2d 12, 17, 5 A.L.R.Fed. 353; Humphrey v. Moore, 1964, 375 U.S. 335, 351, 84 S.Ct. 363, 373, 11 L.Ed.2d 370 (Goldberg, J., concurring). It is the Union's statutory recognition as exclusive bargaining agent both before and after the execution of a collective bargaining agreement which imposes upon the Union the duty to represent fairly the interest of each employee in the unit in dealings with the employer. Retana v. Apartment, Motel, Hotel & El. Op. Union, 9th Cir. 1972, 453 F.2d 1018, 1024; Sanderson v. Ford Motor Co., supra.

■ However, for the very reason that the Union's duty of fair representation is not wholly dependent upon the existence of a collective bargaining agreement, we reject the district court's holding that suits claiming a DFR breach are cognizable only in the context of an action jurisdictionally predicated on section 301(a). In Vaca v. Sipes, 1967, 386 U.S. 171, 87 S.Ct. 903, 17 L. Ed.2d 842, an employee complained that his Union's failure to press a grievance had contributed to his employer's action in discharging him in violation of the collective bargaining agreement. The Supreme Court held not only that the employer might be guilty of a breach of the labor contract but also that the Union may have breached its duty as exclusive bargaining agent to represent plaintiff employee fairly. The wrong charged to the Union was not a violation of the collective bargaining agreement but rather a DFR breach.

■■ The district court interpreted the Court's holding in Vaca to mean that the DFR claim is merely "a species of the exception embodied in section 301." It was settled long before Vaca, however, that the preemption doctrine did not oust the courts of jurisdiction over breach of contract claims against unions or employers under section 301(a), see Humphrey v. Moore, supra; Smith v. Evening News Ass'n, supra. In our judgment, union conduct may be consistent with or even unrelated to the terms of a collective bargaining agreement and yet violative of the duty of fair representation. See Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80; Wallace Corp. v. NLRB, 1944, 323 U.S. 248, 65 S.Ct. 238, 89 L.Ed. 216; Retana v. Apartment, Motel, Hotel & El. Op. Union, supra, 453 F.2d at 1023–1024. As the Court recently pointed out in Amalgamated Ass'n of St., E.R. & M.C. Emp. v. Lockridge, 1971, 403 U.S. 274, 299, 91 S.Ct. 1909, 1924, 29 L.Ed.2d 473, the Vaca holding goes much further than the district court or the Union would urge by bestowing on DFR suits across-the-board immunity from preemption:

. . . Indeed, in Vaca v. Sipes, . . . , we held that an action seeking damages for injury inflicted by a breach of a union's duty of fair representation was judicially cognizable in any event, that is, even if the conduct complained of was arguably protected

or prohibited by the National Labor Relations Act and whether or not the lawsuit was bottomed on a collective agreement . . .

■ This suggests additionally that it makes no difference that the complaint alleges union conduct which is arguably prohibited by section 8 of the Labor Management Relations Act, 29 U.S.C. § 158, contrary to what we had said earlier in *United Rubber Workers, supra.* There we held that

> [r]ecognition of a breach of the union's duty of fair representation as an unfair labor practice will have the necessary effect of bringing such controversies within the primary jurisdiction of the Board . . .

*United Rubber Workers, supra,* 368 F.2d at 21. But *Vaca* and *Lockridge,* and subsequent action by the Board, have forced us to reappraise our preemption position.

In *Vaca* the Supreme Court considered our *United Rubber Workers* decision and concluded that even on the assumption that a DFR breach constitutes an unfair labor practice, in DFR cases exclusive Board jurisdiction has been discarded in favor of concurrent jurisdiction in the courts. Vaca v. Sipes, *supra,* 386 U.S. at 178, 87 S.Ct. at 910. The Court reached this conclusion because "it could not fairly be inferred that Congress intended exclusive jurisdiction to lie with the NLRB" in DFR cases. *Id.,* 386 U.S. at 179, 87 S.Ct. at 911; *see also* Truck Drivers and Helpers, Loc. U. 568 v. NLRB, 126 U.S.App.D.C. 360, 379 F.2d 137 at 142; Amalgamated Ass'n of St., E.R. & M.C.Emp. v. Lockridge, *supra,* 403 U.S. at 299, 91 S.Ct. at 1924.

This court's preemption position in *United Rubber Workers* derived in great part from "the Board's express desire to assume jurisdiction" in DFR cases. *United Rubber Workers, supra,* 368 F.2d at 21. That desire first evidenced itself in NLRB v. Miranda Fuel Co., Inc., 140 NLRB 181, enforcement denied, 2nd Cir. 1963, 326 F.2d 172, where the Board's majority held that section 7 of the National Labor Relations Act, 29 U.S.C. § 157, gives employees "the right to be free from unfair or irrelevant or invidious treatment by their exclusive bargaining agent in matters affecting their employment," and that "section 8(b)(1)(A) of the Act accordingly prohibits labor organizations, when acting in a statutory representative capacity, from taking action against any employee upon considerations or classifications which are irrelevant, invidious, or unfair." 140 NLRB at 185. But since our decision in *United Rubber Workers,* the Board has shown very little inclination to use *Miranda Fuel,* choosing instead to fall back upon traditional unfair labor practice concepts. *See Bryson, supra,* 51 Tex.L.Rev. 1037, 1075–84 (1973).[3]

■ In this particular case, were we to hold that the appellants' job referral claim is preempted, we would effectively tell them that there is no forum for their claim, for the Board has refused to issue a complaint, a refusal which is not subject to review by any court. Vaca v. Sipes, *supra,* 386 U.S. at 182, 87 S.Ct. at 913; NLRB v. Bar-Brook Mfg. Co., 5th Cir. 1955, 220 F.2d 832, 834; Henderson v. Int'l. Longshore. & W.U. Loc. 50, 9th Cir. 1972, 457 F.2d 572, 578; Newspaper Guild, Erie News. Guild, Local 187 v. NLRB, 3rd Cir. 1973, 489 F.2d 416, 426. Of course, the Board uses different criteria in determining whether to issue a complaint from those

---

3. "For the courts to abandon jurisdiction in favor of the Board on the easy assumption that the Board regularly employs the *Miranda* doctrine to regulate union abuses could have serious consequences. The courts that rely on the continued vitality of *Miranda* to justify their preemption holdings may be overestimating both the potential conflict between court and Board jurisdiction and the availability of a Board remedy to DFR plaintiffs. At this point, the *Miranda* decision in large part lives on only in the preemption decisions of the federal and state courts." Bryson, supra, 51 Tex.L.Rev. 1037, 1084 (1973).

which the courts employ in adjudicating a controversy.[4]

. . . The public interest in effectuating the policies of the federal labor laws, not the wrong done the individual employee is always the Board's principal concern in fashioning unfair labor practice remedies . . .

Vaca v. Sipes, *supra*, 386 U.S. at 182 n. 8, 87 S.Ct at 913, n. 8; see 29 U.S.C. § 160(c); Phelps Dodge Corp. v. NLRB, 1941, 313 U.S. 177, 61 S.Ct. 845, 85 L. Ed. 1271. But "the existence of even a small group of cases in which the Board would be unwilling or unable to remedy a union's breach of duty would frustrate the basic purposes underlying the duty of fair representation doctrine." Vaca v. Sipes, *supra*, 386 U.S. at 182–183, 87 S.Ct. at 913.

Of highest importance is the fact that "the duty of fair representation was judicially evolved, without the participation of the NLRB." Amalgamated Ass'n of St., E.R. & M.C.Emp. v. Lockridge, *supra*, 403 U.S. at 301, 91 S.Ct. at 1925. Thus,

. . . A primary justification for the preemption doctrine—the need

to avoid conflicting rules of substantive law in the labor relations area and the desirability of leaving the development of such rules to the administrative agency created by Congress for that purpose—is not applicable to cases involving alleged breaches of the union's duty of fair representation . . .

Vaca v. Sipes, *supra*, 386 U.S. at 180–181, 87 S.Ct. at 912.

Every Circuit which has faced the question has concluded that the federal courts have subject matter jurisdiction over a bare DFR claim under 28 U.S.C. § 1337, which authorizes federal suits arising under any Act of Congress regulating commerce.[5] The National Labor Relations Act is an "Act of Congress regulating commerce." *See* Capital Service v. NLRB, 1954, 347 U.S. 501, 504, 74 S.Ct. 699, 702, 98 L.Ed. 887. Suit for breach of a duty of fair representation is one "arising under" the National Labor Relations Act within the meaning of § 1337 by virtue of section 9(a)'s dual creations of exclusive power in the bargaining agent to represent all employees in the unit and the correlative obligation to represent those employees fairly in dealings with the employer.[6]

4. The question of preemption is to be distinguished from the question of the possible res judicata effect of the Board's action here. Since the proceeding before the General Counsel was administrative only, neither formally adversarial nor like a trial, and since the General Counsel invokes different criteria in deciding whether to issue a complaint from those which a court would employ in adjudicating, no res judicata or collateral estoppel effect attaches to the refusal for purposes of bringing suit in the federal courts. American Heritage Life Ins. Co. v. Heritage Life Ins. Co., 5th Cir. 1974, 494 F.2d 3, 9–10; Int'l. Union of Electrical Workers, et al., v. General Electric Co., 2nd Cir. 1968, 407 F.2d 253, 264; NLRB v. Baltimore Transit Co., 4th Cir. 1944, 140 F.2d 51, 54–55, cert. denied, 321 U.S. 795, 64 S.Ct. 848, 88 L.Ed. 1084. This does not mean, however, that express findings in a refusal to issue a complaint are to be ignored. Here the Regional Director and the General Counsel expressly found that "there is no evidence that the union has refused to refer [appellants] to available jobs or discriminated to-

ward [appellants] in job referrals in any manner [and] the evidence establishes that the union has shown no discrimination in utilizing its out-of-work list for the benefit of its members, or failed to refer on a rotating basis when open requests are received for sheet metal workers." The Union was entitled to use this finding in its summary judgment motion, and the appellants were then obligated to demonstrate by affidavit that a genuine issue of material fact existed in spite of the Board finding.

5. 28 U.S.C. § 1337 provides:
   The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.

6. Appellants did not rely on 28 U.S.C. § 1337 in the court below. But federal jurisdiction may be sustained if granted by a federal statute even though such statute is not pleaded or relied upon in the district court. We look to the substance of the complaint, not the labels attached. Paynes v. Lee, 5th

*See* Nedd v. United Mine Workers of America, 3rd Cir. 1968, 400 F.2d 103, 106; Retana v. Apartment, Motel, Hotel & El. Op. U. Loc. No. 14, *supra,* 453 F.2d at 1022; De Arroyo v. Sindicato de Trabajadores Packinghouse, 1st Cir. 1970, 425 F.2d 281, 283 n. 1; Cunningham v. Erie Railroad Co., 2nd Cir. 1959, 266 F.2d 411, 414; *see also* Brady v. Trans World Airlines, Inc., 3rd Cir. 1968, 401 F.2d 87, 94; Tunstall v. Brotherhood of Locomotive, etc., 1944, 323 U.S. 210, 213, 65 S.Ct. 235–237, 89 L.Ed. 187; Avco Corp. v. Aero Lodge No. 735, I. A. of M. & A. W., 1968, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126.

Thus, we conclude that the district judge erred in dismissing the appellants' first contention for lack of jurisdiction. We must now decide whether the district court's alternative grant of summary judgment was appropriate. A motion for summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56.

■ The district court made no express finding that there was no genuine issue as to any material fact. Instead, as an alternative disposition, the court appears to have challenged the legal sufficiency of the appellants' claim by holding that a union owes a duty of fair rep-

resentation only to its members. On the contrary, the duty is owed to all employees in the bargaining unit.[7] Steele v. Louisville & N.R.R., 1944, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173; Turner v. Air Transport Dispatchers' Ass'n, 5th Cir. 1972, 468 F.2d 297, 301; Wallace Corp. v. NLRB, *supra,* 323 U.S. at 255–256, 65 S.Ct. at 241–242. As noted earlier, it is the exclusivity of the bargaining agent's authority under the National Labor Relations Act which compels the Union to represent fairly the interests of members and nonmembers alike in dealings with the employer.

■ Nevertheless the depositions, answers to interrogatories, and affidavits indicate that there is no genuine issue of material fact with regard to the question of whether the Union has discriminated against the appellants in job referrals. Appellants' counter-affidavit filed in response to the Union's motion for summary judgment and affidavits in support thereof does not mention the issue. Their answers to interrogatories and deposition testimony offer no specific evidence in support of their claim other than vague and general references to a lack of job referrals from their first day in the Union until the time of suit. Our independent search of the record convinces us that, in light of appellants' failure "to come forth with a showing of any specific facts supporting [their] position," summary judgment is appropriate.[8] Driskill v. Dallas Cowboys Football Club, Inc., 5th Cir. 1974, 498

---

Cir. 1967, 377 F.2d 61, 63; Humphrey v. Moore, supra, 375 U.S. 335, 352, 84 S.Ct. 363, 373, 11 L.Ed.2d 370 (Goldberg, J., concurring).

7. Indeed, under some circumstances the duty of fair representation has been found to extend beyond the bargaining unit. *See* Brotherhood of Ry. Trainmen v. Howard, 1952, 343 U.S. 768, 72 S.Ct. 1022, 96 L.Ed. 1283; Rolfes v. Dwellingham, 8th Cir. 1952, 198 F.2d 591; *see also* Clark, The Duty of Fair Representation: A Theoretical Structure, 51 Tex.L.Rev. 1119, n. 2 (1973).

8. In their complaint appellants appear to have alleged that the Union was discriminat-

ing against them in job referrals because of their dues delinquency or expulsion. But in their depositions, they admit that they are complaining of discrimination not merely from the time of their delinquency or expulsion but from their first day in the Union. This admission tends to undercut their claim that union members were favored over nonmembers. *See* Radio Officers' Union, etc. v. NLRB, 1954, 347 U.S. 17, 42, 74 S.Ct. 323, 336, 98 L.Ed. 455. Without evidentiary support for their position, we cannot say that any issue of fact exists warranting a further consideration of a claim that the Union has somehow violated a duty of fair representation.

F.2d 321; Encina v. Tony Lama Boot Co., 5th Cir. 1971, 448 F.2d 1264; Fed. R.Civ.P. 56.

■■■■ We conclude that the district court was correct in dismissing the second claim alleging arbitrary refusal to reinstate appellants Charlie Smith and James Smith as members in good standing. Appellants alleged that the Labor Management Reporting and Disclosure Act provided a jurisdictional basis for their claim, but they have directed us to no provision of the Act which affords them a right or a remedy. The Act provides that

> Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate . . .

29 U.S.C. § 412. Under the most generous reading of the rights secured by the Act, see 29 U.S.C. § 411, we cannot understand how appellants' claim fits within any of them. "The provisions of the L.M.R.D.A. were not intended by Congress to constitute an invitation to the courts to intervene at will in the internal affairs of unions." Gurton v. Arons, 2nd Cir. 1964, 339 F.2d 371, 375. The Act expresses the congressional judgment that in certain specific areas the interests of individual members need special protection against the danger of overreaching by entrenched union leadership. Rota v. Brotherhood of Ry., Airline & S.S. Clerks, 7th Cir. 1973, 489 F.2d 998, 1003, cert. denied, 414 U.S. 1144, 94 S.Ct. 896, 39 L.Ed.2d 99. Expulsion for failure to pay dues is not such an area. See Lewis v. American

Fed. of State, Cty. & Mun. Emp., 3rd Cir. 1969, 407 F.2d 1185, 1192; Williams v. Int'l. Typographical Union, 10th Cir. 1970, 423 F.2d 1295, 1297. Appellants have alternatively contended that the Union's refusal to reinstate them constitutes yet another breach of its duty of fair representation. Having viewed this contention and the record with greatest judicial imagination, we fail to see how the Union's actions could constitute a breach of the duty to represent a member of the bargaining unit fairly in dealings with the employer. A DFR breach occurs only when a union's dealings with the employer, ostensibly on behalf of a member of the bargaining unit, show that the union's conduct toward the member has been arbitrary, discriminatory, or in bad faith. Vaca v. Sipes, supra, 386 U.S. at 190, 87 S.Ct. at 916; Amalgamated Ass'n of St., E. R. & M.C. Emp. v. Lockridge, supra, 403 U.S. at 301, 91 S.Ct. at 1925.

Appellants have not suggested that their failure to pay dues is not a proper basis for suspension or expulsion from membership. Nor do they contend that the duty of fair representation imposes upon a union the duty to open wide its doors to anyone. See Moynahan v. Pari-Mutuel Employees Guild of Cal., Loc. 280, 9th Cir. 1963, 317 F.2d 209, 211. Moreover, the appellants' claim does not demonstrate any injury to the employment relationship or to rights granted by the National Labor Relations Act.

In short, while we have said much about the correct legal principles to be applied, we are convinced that the Union was entitled to summary judgment on both of appellants' claims.

Affirmed.