NATHAN G. NICKERSON, JR., & another *vs.* INHABITANTS OF HYDE PARK.

Norfolk.    March 24, 1911. — June 21, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Tax*, Sale: disclaimer by collector, resale.

Under the provision of R. L. c. 13, § 72, that if the collector of a town or city has reasonable cause to believe that a tax title held by the town or city " is invalid by reason of any error, omission or informality in the assessment, sale or taking, he may disclaim and release such title by an instrument under his hand and seal, duly recorded in the registry of deeds," a defect, consisting of an incorrect recital in the collector's deed to the town or city, is a defect in the sale, of which the deed was the culminating act, and constitutes an invalidity in the sale which gives the collector a right to disclaim the title under the statute.

Where the collector of a town or city has disclaimed a tax title of such town or city under R. L. c. 13, § 72, because he had reasonable ground to believe that such title was invalid by reason of an error, omission or informality in the assessment, sale or taking, he has power, where the two years during which the lien continues have not expired, to advertise the property again for sale and to sell and convey it with correct formalities, giving a good tax title.

MORTON, J. This is a petition to register the title to land in the defendant town. The defendant claims title, subject to redemption, by virtue of a tax deed dated August 12, 1909, and recorded August 20, 1909, from the collector to it pursuant to a sale on August 11, 1909, for the tax of 1907. A previous deed to the town dated September 12, 1908, had been declared invalid by the Land Court for the reason that it recited that the property was sold for the non-payment of taxes assessed in 1908 instead of 1907, and also because it failed to state, what was the fact, that no bid was made at the sale. Thereupon the collector, believing that the incorrect recital in the deed of 1908 constituted a defect in the sale and authorized a disclaimer, and

acting under the advice of counsel for the town, executed and caused to be recorded pursuant to R. L. c. 13, § 72, an instrument disclaiming and releasing the title of the town under the deed of 1908, and proceeded to advertise the property again for sale, and sold and conveyed it to the town by deed dated and recorded as aforesaid.

The case was sent to a master * who ruled that " the tax title created by said sale and deed [of 1909] is a valid tax title and that if this petitioner is entitled to register his title it should be subject to said tax title." The petitioner filed exceptions to the report which were sustained in the Land Court † and a decree was ordered for the petitioner free from the lien claimed by the respondent under its deed of 1909. The case comes here on exceptions by the respondent to the refusal of the Land Court to confirm the master's report, and to give certain rulings requested by the respondent.

The validity of all matters up to and including the commitment of the warrant and tax list to the collector was admitted by the petitioners. After the sale in 1908 the collector entered in his cash book under the collections for September, 1908, "Nickerson and Baker, sold to Hyde Park Sept. 9, interest $26.37, tax $620.50. Total paid $646.87." It is conceded that there was no alienation of the land between the assessment in 1907 and the sale in August, 1909.

The petitioners contend that the deed of 1908 did not constitute a part of the sale, and that, therefore, there was no invalidity in that sale and the collector had no authority to file a disclaimer and to sell again in 1909. If that is not so then they contend that the statute gives the collector no power to sell again after a disclaimer where the tax title is held by a city or town.

The deed was the culminating act, the finishing touch so to speak, in the sale without which it would have been incomplete. In common acceptation a sale includes the passing of the title. The defect in the deed of 1908 constituted, therefore, we think an invalidity in the sale and the collector could disclaim pursu-

---

* Roger D. Swaim, Esquire.
† By *Davis*, J.

ant to R. L. c. 13, § 72. The result of the petitioners' contention would be that there would be no remedy provided by statute where the invalidity in the tax title was caused by a defect in the deed. We think that the Legislature intended to afford a remedy whether the failure in the title arises from errors in the assessment, or in the subsequent proceedings, and that the statute can be and should be so construed.

We also think that the sale and deed of 1909 were valid. The two years during which the lien continues had not expired. The entry upon the collector's book was, as the master rightly ruled, a mere bookkeeping entry. The tax has not been paid, and unless the sale and deed of 1909 are valid the town will lose the tax which it is admitted was rightly assessed. The petitioners contend that although the last clause of R. L. c. 13, § 72, provides that the collector may disclaim and release a tax title held by a city or town which he has reasonable cause to believe is invalid by reason of any error, omission or informality in the assessment, sale or taking, there is no provision for a sale in case of such release or disclaimer, and that the provisions for reassessment and collection in §§ 70, 71, and 72, apply to cases where the title is held by a third party and not by a city or town. But we think that that is too narrow a construction. The sections are to be construed together. The object of the legislation is to enable cities and towns to avoid liability or loss in regard to defective tax titles and to insure the assessment and collection of the taxes for which such titles stand. The original statute was entitled, " An Act in relation to the collection of taxes." St. 1878, c. 266. The collector, if he has reasonable cause to believe that the title is invalid, may, according to §§ 70 and 71 where the title is held by a third party, give him notice and take such steps as will procure a release or result in an extinguishment of the title. Where the title is held by a city or town, the collector, according to § 72, may disclaim or release by an instrument under his hand and seal and duly recorded in the registry of deeds. There is nothing to indicate that the effect so far as the reassessment and collection are concerned is to be any different in a case where the title is held by a city or town from what it is where the title is held by a third party, and no good reason can be given why it should be. That this was the under-

standing of the commissioners in consolidating and arranging the Public Statutes is entirely plain. What is now three sections in the Revised Laws was divided by them into four, numbered 70, 71, 72 and 73. The first two, 70 and 71, were substantially the same as the sections with the same numbers in the Revised Laws. Section 72 was the same as the concluding clause in § 72 of the Revised Laws, that is the clause that gives to the collector the right of disclaimer where the title is in the city or town, and § 73 was the same as the first two clauses in § 72 of the Revised Laws, that is the clauses that deal with the matters of reassessment and collection. As arranged by the commissioners it is clear the provisions as to reassessment and collection applied to cases where the title was in a city or town as well as to cases where it was in a third party. The order adopted by the commissioners was more logical and clearer, but we do not think that the inversion which took place in the final enactment was intended by the Legislature to signify or does signify a substantive change in the report of the commissioners. There is nothing in *Charland* v. *Home for Aged Women,* 204 Mass. 563, which helps the petitioners.

*Exceptions sustained.*

*J. A. Keefe,* for the respondent, submitted a brief.

*C. J. Stone,* for the petitioners.