KATHERINE O'TOOLE *vs.* JOSEPH M. CONCANNON.

Suffolk.    April 13, 1931. — June 1, 1931.

Present: RUGG, C.J., CARROLL, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Abatement, Common Law Rule 9 of the Superior Court (1923). *Rules of Court.*

A plea in abatement of an action in the Superior Court on the ground of the pendency, at the time the action was instituted, of a prior action between the same parties for the same cause properly was sustained where it appeared that in the prior action the plaintiff was nonsuited on December 6, that the new action was begun on the same day and that judgment for the defendant in the prior action for costs was entered on December 9.

The mere fact that one filing a plea in abatement to an action in the Superior Court failed to comply with Common Law Rule 9 of the Superior Court (1923) did not render such answer inoperative as an answer upon which the action could go to trial.

Where the plaintiff in such action first learned of the filing of the answer in abatement over eight months after it was filed and then marked the action for hearing thereon, and it was heard, he waived whatever rights he might have had by reason of the violation of said Rule 9 if he had acted seasonably.

TORT.    Writ dated December 6, 1929.

Facts appearing and rulings made at the hearing in the Superior Court by *Qua,* J., of a plea in abatement filed by the defendant are stated in the opinion. The judge sus-

tained the plea and reported the action for determination by this court.

*A. H. Lewis*, for the plaintiff.

*D. D. Swain*, for the defendant.

RUGG, C.J.   The plaintiff brought an action of tort against the defendant, returnable in August, 1929, to recover compensation for personal injuries sustained by her on June 30, 1929, as the result of alleged negligent operation of the defendant's motor vehicle.   On December 6, 1929, the plaintiff was nonsuited and judgment was entered for the defendant for costs on December 9, 1929. The present action for the same cause was brought in the same court on December 6, 1929.   On January 25, 1930, the defendant filed a plea in abatement on the ground of the pendency, at the time this action was instituted, of the prior action between the same parties for the same cause. The action came on for trial upon the defendant's answer in abatement.   At that trial the plaintiff contended, and the judge found, that when the answer in abatement was filed no copy in writing was given as required by Common Law Rule 9 of the Superior Court (1923).   The plaintiff's attorney had actual notice of the filing on October 7, 1930.   He also marked the case for trial on the answer in abatement. This point was not raised at any time before trial.   Apart from failure to comply with the rule, the case at bar is governed by *Alpert* v. *Mercury Publishing Co.* 272 Mass. 39.

In these circumstances the plea in abatement must be sustained.   The underlying principle compelling that result is that a party ought not to be vexed by the pendency at the same time of two actions by the same plaintiff for the same cause.

Rule 9, upon which the plaintiff relies to overcome the force of the *Alpert* case, is in these words: "When any pleading subsequent to the declaration is filed, a copy in writing thereof shall be sent on the same day by mail or otherwise to the adverse party."   The trial judge ruled with respect to the failure of the defendant to comply with this rule that it did not render the answer in abatement inoperative as an answer upon which the case could go to

trial. This ruling was right. The rule contains no penalty for failure to observe it. It contains no provision to the effect that any paper filed shall be void through failure to comply with the rule. No such provision is found elsewhere in the rules of the Superior Court. The answer in abatement was on the files of the court between eight and nine months before the plaintiff took any action respecting it. The rule applies as much to an answer to the merits as to an answer in abatement. The plaintiff did not move that the defendant be defaulted or that the answer in abatement be stricken from the files, but after the long delay set the case down for hearing on the answer in abatement. In all the circumstances this constituted a waiver of whatever rights the plaintiff may have had in the premises if seasonable action had been taken. After having thus set the answer down for hearing on the merits, it was not open to her to contend that it was not properly before the court. Such conduct was inconsistent with any contention that the answer in abatement was not rightly before the court for consideration.

> *Order sustaining the answer in abatement*
> *and abating the writ and action affirmed.*