JOSEPH J. McCARTHY *vs.* ARTHUR R. HAWES & another.

Middlesex. January 6, 1938. — February 1, 1938.

Present: RUGG, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Actionable Tort. Conspiracy. Practice, Civil*, Appeal.

No appeal lies from the denial of an interlocutory motion in an action at law.

Allegations in a declaration in an action of tort against two defendants that the defendants conspired with each other with respect to a sale of the plaintiff's land for unpaid taxes, and general allegations characterizing the defendants' conduct as wilful, malicious, fraudulent and false did not state a cause of action where the other allegations set forth no tortious conduct on the part of either defendant.

TORT. Writ in the Superior Court dated November 13, 1936.

Orders described in the opinion were entered by *Beaudreau*, J.

The case was submitted on briefs.

*J. J. McCarthy, pro se.*

*G. R. Farnum & J. H. F. Calver*, for the defendants.

Cox, J. The plaintiff brought an action of tort in the Superior Court. Each defendant filed a demurrer and answer to the declaration. The plaintiff thereafter on November 3, 1937, filed a motion to strike from the files the demurrer and answer of the defendant Hawes, which were filed on January 20, 1937, on the ground that Rule 21 of the Superior Court (1932) had not been complied with. The motion also alleges, "Said pleadings were not signed, and, demurrer not verified." The demurrers were sustained and the motion was denied. The plaintiff claimed a single appeal "from the decisions of the Court . . . sustaining the defendants' demurrers, and denying the appellant's *Motion No. 15 to strike out . . . .*"

There is no right of appeal in an action at law from the denial of such a motion. G. L. (Ter. Ed.) c. 231, § 96. *Gallo* v. *Foley, ante*, 1. The proper way in which to bring

such a matter before this court is by a bill of exceptions. G. L. (Ter. Ed.) c. 231, § 96. But if the question were properly before us the plaintiff would have no legal ground for complaint. The record shows that the pleadings were signed. A demurrer need not be verified in this Commonwealth. Rule 21 of the Superior Court (1932) provides, among other things, that copies of a demurrer and a motion filed after the declaration shall be given not later than the day of filing to adverse parties. If the rule is not complied with, the judge may entertain and allow or deny a motion to strike such papers from the files. All we have before us is that the trial judge denied the motion. There is nothing to show that this action was not proper. See *O'Toole* v. *Concannon*, 276 Mass. 19.

The appeal brings before us for review the orders sustaining the demurrers. G. L. (Ter. Ed.) c. 231, § 96. *Gallo* v. *Foley, ante*, 1.

The grounds stated in the Hawes demurrer are "First: That the matters contained in the declaration are insufficient in law to enable the plaintiff to maintain his action. Second: That the plaintiff has not set forth in said declaration, or in any count thereof, sufficient grounds against the defendant Hawes in his official capacity, or in any other capacity, to enable him to maintain this action. Third: That the substantive facts necessary to constitute this, or any cause of action, are not stated with substantial and requisite certainty. Fourth: That neither in any count separately considered nor in the declaration as a whole are any substantive facts alleged which constitute a cause of action against this defendant. Fifth: That the plaintiff has alleged no sufficient facts showing any interest in and to the property described in the declaration." The grounds of the Holman demurrer are, in substance, that no single count of the declaration or the declaration as a whole sets out facts sufficient to constitute a legal cause of action against him; that the "writ and declaration" as worded and the facts set out do not constitute a legal cause of action against the defendant; and that the declaration in fact, law or form is not sufficient to require the defendant to answer.

The declaration is cast in seven counts, so called, each one of which is but a fragment and not a complete and definite statement of a cause of action. It is alleged that the seven counts are "all for one cause of action." *Rice* v. *Coolidge,* 121 Mass. 393. The plaintiff in his brief states that his action of tort is "in 'nature trespass,' alleging a conspiracy to defraud plaintiff of his title to real estate . . . by defendant Holman . . . conspiring with defendant Hawes . . . ."

For convenience, we may deal with the so called counts of the declaration as if they were paragraphs. The first, stripped of its epithets and words of characterization, such as "wilfully," "maliciously," "fraudulently" and "falsely," merely alleges that the defendant Hawes as tax collector advertised for sale some lots of land of a deceased nonresident owner for unpaid taxes for the year 1933. The second paragraph alleges in substance that no notice of the time and place of the sale was given the plaintiff "who was the owner in fee, of said lots, as the sole heir of the above intestate by virtue of the statute of descent, of said Florida, which fact the defendant Hawes had knowledge of." There is nothing to show that any such notice was required. See G. L. (Ter. Ed.) c. 60, § 40. The law of another State is a question of fact and cannot be considered on demurrer where there is no allegation as to it. *Richards* v. *Richards,* 270 Mass. 113. But real estate of a deceased intestate nonresident situated here descends according to the law of this Commonwealth. G. L. (Ter. Ed.) c. 199, § 1. The third paragraph alleges in substance that at the time and place of the sale on September 27, 1935, the defendant Hawes, "without ground," postponed the sale to September 28, 1935, at seven o'clock, P.M., without stating the place where the postponed sale was to be held, that on or before the hour of postponement the defendant Holman "instructed" Hawes to sell the lots to the town, and that Hawes did bid them in for the town. By G. L. (Ter. Ed.) c. 60, § 44, a tax collector may adjourn such a sale from time to time, not exceeding seven days, giving notice of the adjournment by public declaration thereof at the time and place appointed for the sale. The fact that Holman "instructed"

Hawes to sell, even if by any possibility the word imports anything wrongful, does not appear to have operated in any way to the detriment of the plaintiff. The fourth paragraph alleges that on October 1, 1935, Hawes, as collector, "without any notice, or a compliance with" G. L. (Ter. Ed.) c. 60, or St. 1935, c. 236, sold the lots for a second time to the town for nonpayment of the same tax, "as conclusively shown in a *Disclaimer, to an unknown owner*" recorded in the registry of deeds. There is nothing to connect Holman with any of these allegations. Tax collectors may disclaim under certain statutory conditions, and "forthwith collect the unpaid tax or assessment in conformity to law." G. L. (Ter. Ed.) c. 60, § 84. See *Nickerson v. Hyde Park*, 209 Mass. 365. The fifth paragraph, without its words of characterization, that is, "wilfully, maliciously and fraudulently," alleges that Holman on or before September 28, 1935, "instructed . . . Hawes, to sell these 4 lots to the town . . . for the purpose declared by . . . Holman . . . to stop others from bidding on, and buying the tax-title to these" lots. This instruction evidently relates to the sale of September 28, 1935, which apparently came to nothing. There is no allegation that Hawes followed any such instruction. We fail to see how Holman's declaration helps the plaintiff. The sixth paragraph alleges in substance that Holman, on September 4, 1935, was shown the collector's receipt by the plaintiff, showing that the taxes for 1933 on the lots were paid in full on November 5, 1934. This knowledge of Holman's is not made material by any other allegations. In the seventh paragraph the plaintiff alleges that he received no notice from Hawes "as to the filing of said disclaimer; to *an unknown owner*." There is nothing to show that he was entitled to any such notice. The last paragraph, among other conclusions as to damage caused "by the unlawful acts of the defendants conspiring to deprive him of his property," alleges that the plaintiff could not obtain a loan on the property "until the taxes were paid, and a release of tax-title given by purchaser." The words "until the taxes were paid" cast doubts as to other allegations in the declaration with reference to

the status of the taxes. As the plaintiff does not place any reliance on the separate acts of the defendants as independent torts, it is unnecessary to refer to them and we are not required to deal with questions of uncertainty as to some of the allegations. *Johnson* v. *East Boston Savings Bank*, 290 Mass. 441, 448.

A declaration shall state concisely and with substantial certainty the substantive facts necessary to constitute the cause of action. G. L. (Ter. Ed.) c. 231, § 7. *Pollock* v. *New England Telephone & Telegraph Co.* 289 Mass. 255, 258. The allegation that the defendants conspired with respect to the plaintiff, standing by itself alone, does not constitute ground for civil relief. The gist of the plaintiff's action is the tortious acts of the defendants. The effect of the charge that the defendants conspired together is to fix a joint liability on the defendants. If there is no tort set out as to a single defendant, conspiracy adds nothing except in instances where force of numbers acting in unison or other exceptional circumstances make a wrong. *Caverno* v. *Fellows*, 286 Mass. 440, 443. *Holden* v. *J. Stevens Arms Co.* 230 Mass. 266, 268. Such general allegations as characterize the defendants' conduct as wilful, malicious, fraudulent or false are insufficient as matter of pleading to state a cause of action in tort. *Caverno* v. *Fellows*, 286 Mass. 440, 443.

The demurrers were properly sustained. That part of the appeal from the denial of the motion to strike out is dismissed. The orders sustaining the demurrers are affirmed.

*So ordered.*