MAURICE S. NEUSTADT *vs.* THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED, & others.

Suffolk.   April 3, 1939. — June 6, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Insurance,* Broker, Motor vehicle liability. *Insurance Company. Equity Jurisdiction,* Remedy at law. *Conspiracy. Actionable Tort. Unlawful Interference. Equity Pleading and Practice,* Bill.

The provisions of G. L. (Ter. Ed.) c. 175, § 166, establishing a right of a licensed insurance broker to act as such in connection with the business of insurance, did not require insurance companies to deal with him.

Averments in a bill in equity by a licensed insurance broker against several insurance companies that the defendants unlawfully com-

bined to destroy the plaintiff's business by establishing "approved lists of brokers" which did not include the plaintiff and writing insurance through no brokers not included in the list, showed no unlawful purpose on the part of the defendants, and, in the absence of averments of threats or coercion or malice, did not set forth grounds for relief, no unlawful act of any individual defendant being shown.

BILL IN EQUITY, filed in the Superior Court on April 14, 1938.

The demurrers were sustained and the final decree entered by order of *Hanify*, J.

*E. W. Hadley*, for the plaintiff.

*J. F. Hargraves*, for the defendant The Employers' Liability Assurance Corporation, Limited.

*R. P. Baldwin*, for the defendant Massachusetts Bonding & Insurance Company.

*E. R. Langenbach*, for the defendant Preferred Accident Insurance Company of New York.

Cox, J.    The plaintiff appealed from the decrees sustaining the several demurrers of the defendants and from the final decree·dismissing his bill.

The allegations of the bill fall into two classifications. Material allegations of the first classification are to the effect that the plaintiff, since March 30, 1936, has been an insurance broker in this Commonwealth, duly licensed to negotiate contracts of insurance; that the defendant insurance companies are legally bound to accept and issue policies on applications for insurance procured by the plaintiff from members of the public desiring insurance, unless the defendants have a just and reasonable cause for refusal; that the businesses of the plaintiff and the defendants, particularly with reference to compulsory motor vehicle liability insurance, are affected with the public interest; that the defendants have refused, for no reason, to accept applications secured by the plaintiff for insurance, including compulsory motor vehicle liability insurance, but have dealt directly with the plaintiff's customers, whereby the plaintiff has suffered damage to his business; and that the defendants have informed the plaintiff that they will continue to refuse to accept applications from him.

Allegations of the second classification, based upon information and belief, are to the effect that the defendants have unlawfully combined with each other and with other insurance companies unknown to the plaintiff to destroy his business, and to restrain free trade and competition in the business of insurance brokerage, and to restrain such free trade by the plaintiff. The material allegations are that the defendants have combined and agreed to establish "approved lists of brokers," through whom they will write insurance, and to write no insurance through other brokers, and that the defendants have refused to include the plaintiff and many other duly licensed brokers in such lists, whereby the plaintiff's business has been damaged. It is also alleged in this connection that the conduct of the defendants has made it difficult or less expeditious for many members of the public to obtain insurance. The bill is brought for the benefit of the plaintiff, other duly licensed brokers, and the public, and prays for an injunction against the various acts of the defendants, as alleged, the assessment of damages, and general relief.

The separate demurrers of the defendants allege among other grounds that the bill does not state concisely and with certainty the acts necessary to constitute a cause of action and to entitle the plaintiff to equitable relief. We are of the opinion that the demurrers were rightly sustained on this ground, and it is, therefore, unnecessary to consider the other grounds; nor is it necessary to deal with the pleas in bar which were not passed upon in the Superior Court.

The basis of the ground for equitable relief contained in the first part of the plaintiff's bill is that the defendants owed the plaintiff a duty to accept applications for insurance presented by him, unless there was a just and reasonable cause for refusal, and that the defendants are guilty of a breach of such duty. It is true that under the provisions of G. L. (Ter. Ed.) c. 175, § 113D, as amended by Sts. 1933, c. 119, §§ 2, 3; 1933, c. 146; 1934, c. 379 (see St. 1938, c. 311), applicants for insurance are provided with the machinery to compel the issuance of a policy where an insurer, without just cause, has refused to issue a policy

of compulsory motor vehicle liability insurance.  See *Factory Mutual Liability Ins. Co.* v. *Superior Court,* 300 Mass. 513. · But there is nothing in the statute to indicate that the duty to issue such policies is owed not only to applicants for insurance but also to brokers who present such applications.  Indeed, a reading of the statute seems to indicate that the right to enforcement is given only to applicants for insurance.  In fact the statute provides that "the board [of appeal on motor vehicle liability policies and bonds] shall . . . make a finding as to whether or not the complainant is a proper and suitable person to whom to issue such a policy . . . ."  It has heretofore been pointed out, moreover, that the express terms of the statute giving applicants the right to compel companies to issue such policies constitute serious limitations upon customary methods of conducting the insurance business.  *Opinion of the Justices,* 251 Mass. 569, 613.  In such circumstances any implication of rights in favor of brokers is not to be favored.  *Commonwealth* v. *Beck,* 187 Mass. 15, 17.  *Wilson* v. *Grace,* 273 Mass. 146, 154.  But even if we assume that the plaintiff had the same rights as an applicant, the bill fails to show that recourse to the remedies provided by the statute for the enforcement of rights is not available to him.  Compare *Cosmopolitan Trust Co.* v. *Cohen,* 244 Mass. 128, 134.

It follows that the allegations of the bill contained in the first classification do not set forth a ground for relief in equity in so far as they are based upon the provisions of statutes dealing with insurance, nor does the allegation that the defendants dealt directly with the plaintiff's customers add anything in this respect.  Not only does this allegation rebut other allegations in the bill to the effect that it is difficult for the plaintiff's customers to obtain insurance, but it goes no farther than to allege a possible wrong, for the redress of which an action at law to recover commissions earned is, as far as the bill discloses, available to the plaintiff.  Compare *McAuslan & Nutting, Inc.* v. *Futurity Thread Co.* 254 Mass. 216, 218.

The basis of the ground for relief set out in the allega-

tions of the second classification is the unlawful conspiracy or combination of the defendants and others causing damage to the plaintiff's business. But the effect of the charge that the defendants conspired together is to fix a joint liability on the defendants. The mere allegation that the defendants conspired with respect to the plaintiff, standing by itself, does not constitute ground for civil relief. If there is no tort set out as to a single defendant, the charge of conspiracy adds nothing except in instances where force of numbers acting in unison or other exceptional circumstances makes a wrong. *McCarthy* v. *Hawes*, 299 Mass. 340, 344. "There can be no independent tort for conspiracy unless in a situation 'where mere force of numbers acting in unison or other exceptional circumstances may make a wrong,' *Caverno* v. *Fellows*, 286 Mass. 440, 444. *McCarthy* v. *Hawes*, 299 Mass. 340, 344. And in order to prove an independent tort for conspiracy upon the basis of 'mere force of numbers acting in unison' it must be shown that there was some 'peculiar power of coercion of the plaintiff possessed by the defendants in combination which any individual standing in a like relation to the plaintiff would not have had.'" *DesLauries* v. *Shea*, 300 Mass. 30, 33, and cases cited. *Comerford* v. *Meier*, 302 Mass. 398, 401, and cases cited. It is true that mere numbers acting simultaneously may create unusual powers of coercion, but it is also true that damage caused by concerted action may have the excuse or justification of competition or self-interest, and there will be no tort if the means pursued resulting in the damage are not unlawful. *Martell* v. *White*, 185 Mass. 255. *Robitaille* v. *Morse*, 283 Mass. 27. *Johnson* v. *East Boston Savings Bank*, 290 Mass. 441, 446, and cases cited. The acts with which the defendants are charged are such as any individual might employ in his business with impunity even though damage might result thereby to another, and we think that, unless the defendants, acting jointly, had some unlawful object in view, no case is stated against them. *Carew* v. *Rutherford*, 106 Mass. 1, 14. Compare *Burnham* v. *Dowd*, 217 Mass. 351. There are no allegations in the bill to indicate

any such unlawful purpose. There is no allegation that the defendants employed threats, coercion, or the like. Compare *Carew* v. *Rutherford*, 106 Mass. 1, 15; *Martell* v. *White*, 185 Mass. 255, 261; *Burnham* v. *Dowd*, 217 Mass. 351, 358, 359. No fiduciary relations are alleged. Compare *Willett* v. *Herrick*, 242 Mass. 471; *Johnson* v. *East Boston Savings Bank*, 290 Mass. 441, 446. There is no allegation of fact from which an inference of malice on the part of the defendants can be drawn, *Robitaille* v. *Morse*, 283 Mass. 27, 35, and the general allegation that the combination and agreement are "unlawful and illegal" is insufficient, as matter of pleading, to state a cause of action in tort. *Caverno* v. *Fellows*, 286 Mass. 440, 443. *Johnson* v. *East Boston Savings Bank*, 290 Mass. 441, 447. *McCarthy* v. *Hawes*, 299 Mass. 340, 344. The fact that the plaintiff is a licensed broker under the provisions of G. L. (Ter. Ed.) c. 175, § 166, establishes his right to act as such in connection with the business of insurance, but it by no means follows from this that insurance companies are required to deal with him. *Montgomery Ward & Co.* v. *South Dakota Retail Merchants' & Hardware Dealers' Association*, 150 Fed. 413, 417, 418. *Macauley Brothers* v. *Tierney*, 19 R. I. 255. *Tanenbaum* v. *New York Fire Ins. Exchange*, 33 Misc. (N. Y.) 134. We find nothing in cases involving insurance companies, agents, or brokers to indicate that, because of the nature of the business of insurance, such cases are not subject to the same general rules that we hold applicable in the case at bar, and which apply to cases involving other classes of business. *Continental Ins. Co.* v. *Fire Underwriters of the Pacific*, 67 Fed. 310, 322. *Olmsted, Inc.* v. *Maryland Casualty Co.* 218 Iowa, 997. *Werth* v. *Fire Companies' Adjustment Bureau, Inc.* 160 Va. 845. *Hair* v. *Old National Ins. Agency, Inc.* 184 Wash. 477. *Hunt* v. *Simonds*, 19 Mo. 583.

In our opinion the allegations of the bill do not set forth grounds for relief in equity.

*Interlocutory decrees sustaining demurrers*
*affirmed.*

*Final decree affirmed with costs.*