**Armand BERARD, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, United Automobile, Aerospace, and Agricultural Implement Workers of America, United Auto Workers, Local 422 and Baheege Ayik, Defendants.**

Civ. A. No. 79–1556–C.

United States District Court,
D. Massachusetts.

July 24, 1980.

Frederick T. Golder, Shulman & Golder, Boston, Mass., for plaintiff.

William Joy, Jr., Morgan, Brown, Kearns & Joy, Boston, Mass., for defendant General Motors Corp.

Gerald E. Gaffin, Cohen & Gaffin, Framingham, Mass., Bertram Diamond, Stamford, Conn., for defendant Local 422 of UAW.

Gregory Angelini, Leominster, Mass., Claude D. Montgomery, United Auto Workers, Detroit, Mich., for defendant Baheege Ayik.

MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by plaintiff Armand Berard against General Motors Corporation (GMC), his employer, Local 422 of the United Automobile, Aerospace, and Agricultural Employment Workers of America (Local 422), his union, and Baheege Ayik, an officer of Local 422.[1] The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 185 and 29 U.S.C. § 412.

This case is presently before the Court on two motions. Both union defendants have moved for summary judgment on the grounds that most of the plaintiff's claims against them are barred by the applicable statute of limitations, and that, as to the remaining claims, there are no genuine issues of fact and defendants are entitled to judgment as a matter of law. GMC has moved for summary judgment on one of plaintiff's claims and has moved to dismiss the remainder of his claims on the ground that this Court lacks subject matter jurisdiction.

Under Fed.R.Civ.P. 56(c), summary judgment is appropriate if the

"pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . . ."

The moving party has "the burden of showing the absence of a genuine issue as to any material fact . . . ." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Mack v. Cape Elizabeth School Board*, 553 F.2d 720, 722 (1st Cir. 1977). In determining whether to grant summary judgment, the court must consider the record "in the light most favorable to . . . the party opposing the motion," *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir. 1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47

---

1. The plaintiff also named the International as a defendant in his complaint. At the hearing on these motions, the action was dismissed against the International, on its motion, because of the plaintiff's admission that he had never served the International.

L.Ed.2d 54 (1976), and "indulge all inferences favorable to the party opposing the motion." *Hahn v. Sargent, supra,* at 464. When the summary judgment motion has been properly supported however, the opposing party

"may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968); *Perez v. United States,* 594 F.2d 280, 290 (1st Cir. 1979).

A promise by the opposing party that evidence will be forthcoming at trial is not sufficient. *Hahn v. Sargent, supra,* at 467. While a "plaintiff is entitled to all favorable inferences, he is not entitled to build a case on the gossamer threads of whimsey, speculation and conjecture." *Manganaro v. Delaval Separator Co.,* 309 F.2d 389, 393 (1st Cir. 1962).

In his complaint, plaintiff states that he began his employment with GMC on April 5, 1948, and has continued to work in various departments of its Framingham plant to the present time. The gravamen of plaintiff's complaint is the company's use of management personnel to perform bargaining unit work in violation of the collective bargaining agreement. Plaintiff alleges that shortly after a strike at the Framingham GMC plant in 1974, the company began using management personnel in violation of the contract. Upon observing these violations, plaintiff filed a number of grievances with representatives of Local 422, and "became the principal spokesman for all Union members protesting these violations." The allegations which plaintiff makes in the remainder of his complaint may be summarized as follows:

1. That defendant Local 422, through defendant Ayik, refused to pursue the grievances as to the use of management personnel and thereby breached its duty of fair representation.

2. That defendant GMC and defendant Local 422, through defendant Ayik, conspired to discriminate against plaintiff for his union activity and for filing grievances with regard to the use of management personnel, in violation of the Local's duty of fair representation, the collective bargaining agreement, and plaintiff's rights under the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. §§ 411(a)(2) and (a)(5). In support of his conspiracy claim, plaintiff makes the following allegations of wrongful conduct by the defendants:

a. That plaintiff was subjected to physical and mental harassment in the form of telephone threats and vandalism to his automobile;

b. That he was denied coffee breaks;

c. That he was denied the right to converse with other co-workers and Union members;

d. That, on or about July 21, 1976, the plaintiff was transferred to an isolated tire balcony and given a non-existent job;

e. That plaintiff was forced to spend several complete work days in a secluded room;

f. That he was forced to defend a $300,-000 law suit brought by the defendant Ayik against him;

g. That he was suspended for two (2) weeks by the defendant company for refusing to stop protesting management performing bargaining unit work in violation of the collective bargaining agreement;

h. That defendant Local Union and the defendant Ayik refused to process grievances filed by him.

3. That on or about October 22, 1975 plaintiff was laid off notwithstanding his seniority and in spite of the fact that the plant was in full production. Plaintiff alleges that this layoff was also a result of his union activity and to interfere with his rights under the collective bargaining agreement and the LMRDA.

4. That as a result of his protests, plaintiff was ousted as editor of the union newspaper by defendant Ayik and others acting on behalf of Local 422, and that he was prevented from contributing articles to the newspaper, in violation of his rights under the LMRDA, 29 U.S.C. § 411(a)(2).

5. That defendants Local 422 and Ayik failed to adequately grieve the plaintiff's disciplinary layoffs, in violation of the duty of fair representation.

On the basis of these allegations, plaintiff seeks the following relief:

1. A determination that the defendant GMC discriminated against plaintiff without just cause and in violation of his rights under the collective bargaining agreement.

2. A determination that the Local 422 breached its duty of fair representation by refusing to process his grievances.

3. A declaration that the proceedings taken by Local 422 and Ayik violated his rights under the LMRDA.

4. An injunction preventing GMC and the union defendants from interfering with his rights under the LMRDA, the First and Fourteenth Amendments, and 29 U.S.C. § 151 et seq. to express his views concerning the defendant GMC and defendant Local 422.

5. Damages.

Based on the foregoing, this Court will treat plaintiff's complaint as raising the following legal claims:

1. That Local 422 breached its duty of fair representation in processing or refusing to process plaintiff's grievances regarding the use of management personnel and regarding plaintiff's disciplinary layoffs.

2. That both GMC and the union defendants violated his rights under LMRDA § 411(a)(2) and the First and Fourteenth Amendments.

3. That both GMC and the union defendants discriminated against plaintiff because of his union activity.

4. That GMC breached the collective bargaining contract, both in regard to its use of management personnel to perform bargaining unit work, and in regard to plaintiff's disciplinary layoffs.

5. That all defendants engaged in a conspiracy to commit the above substantive violations.

On December 14, 1977, plaintiff filed unfair labor practice charges with the National Labor Relations Board against both GMC and Local 422. Plaintiff charged that GMC "has discriminated against me due to my union and other protected, concerted activities," in violation of §§ 8(a)(1) and (a)(3) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1) and (a)(3). Plaintiff charged that Local 422 "has restrained or coerced me in the exercise of my Section 7 rights" and "has caused by Employer to discriminate against me," in violation of §§ 8(b)(1)(A) and (b)(2), 29 U.S.C. §§ 158(b)(1)(A) and (b)(2). On January 15, 1978, the Regional Director of the NLRB notified plaintiff by letter that he was refusing to issue a complaint:

I have determined that further proceedings on the charges are not warranted. With regard to the charge against the Employer in Case No. 1–CA–13,951, the investigation did not reveal evidence sufficient to establish that the Employer discriminated against you because of your union activities, or other protected activities when it made the work assignments or took the disciplinary action which you alleged during the investigation. Rather, it appears from the investigation that the Employer took those actions because of its legitimate production needs and because it was not satisfied with your work performance.

With regard to the charge against the Union in Case No. 1–CB–3962, it does not appear from the investigation that the Union has failed in its duty to fairly represent you or that it has otherwise restrained or coerced you in the exercise of the rights guaranteed to you by the Act. The investigation revealed that the Union accepted numerous grievances from you and processed them on your behalf, and the evidence disclosed by the investigation is not sufficient to establish

that the Union has refused to process grievances for you or has otherwise failed in its duty to represent you. Nor did the investigation reveal evidence sufficient to establish that the Union has caused or attempted to cause the Employer to discriminate against you because of any activity in which you engaged which is protected by the Act.

I am, therefore, refusing to issue a complaint in these matters.

Plaintiff appealed the Regional Director's refusal to issue a complaint to the General Counsel; on March 30, 1978, the General Counsel denied the appeal for the reasons set forth in the Regional Director's letter.

■ As a preliminary matter, I will deal with the contention of both GMC and the union defendants that plaintiff is bound by the adverse decision of the NLRB and cannot attack it collaterally. Although the Court of Appeals for this Circuit has not yet reached the question whether an NLRB refusal to issue an unfair labor practice complaint is res judicata, see *Soto Segarra v. Sea-Land Service, Inc.*, 581 F.2d 291, 294 (1st Cir. 1978), the unanimous weight of authority is that the Board's refusal to issue a complaint has no res judicata effect in a subsequent § 301 action. *E.g., Smith v. Local 25, Sheet Metal Workers*, 500 F.2d 741, 748 n. 4 (5th Cir. 1974); *Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 78 & n. 12 (4th Cir.), *cert. denied*, 389 U.S. 1004, 88 S.Ct. 562, 19 L.Ed.2d 599 (1967); *Ruzicka v. General Motors Corp.*, 336 F.Supp. 824, 827 (E.D.Mich. 1972). Nevertheless, as the

Fifth Circuit held in *Smith, supra*, "[t]his does not mean . . . that express findings in a refusal to issue a complaint are to be ignored." 500 F.2d at 748 n. 4. The *Smith* court stated that the union is entitled to use the Board's findings "in its summary judgment motion, and the [plaintiff is] then obligated to demonstrate by affidavit that a genuine issue of material fact exist[s] in spite of the Board finding." *Id.* While I do not decide whether the Board's findings should be accorded conclusive weight in ruling on a summary judgment motion, I choose to give the Board's findings considerable weight in determining whether defendants have established the absence of any genuine fact issues on claims over which this Court has concurrent jurisdiction.

## I.  *Claims Against Defendant GMC*

### A.  *Contract Claims Against GMC*

■ Defendant GMC has moved for summary judgment on plaintiff's breach of contract claims. Plaintiff alleges that GMC breached the collective bargaining agreement both in regard to its use of management personnel to perform bargaining unit work, and in regard to plaintiff's disciplinary layoffs.[2] In support of its motion, the defendant GMC relies principally on the deposition testimony of the plaintiff. Plaintiff testified that in the period of time between November 1974, when the strike ended, to the end of 1976 he filed *over 400*

---

2. In addition, plaintiff alleges that GMC discriminated against plaintiff because of his union activity. While it is not entirely clear, he appears to contend that this also constituted a breach of the collective bargaining agreement. Even if GMC's alleged discriminatory conduct did constitute a breach of contract, this Court need not consider plaintiff's claim based thereon because plaintiff does not allege that he attempted to grieve this conduct. It is hornbook law that in order to file a § 301 action for breach of contract, the employee must first attempt to utilize his contractual remedies. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652–53, 85 S.Ct. 614, 616–17, 13 L.Ed.2d 580 (1965). Failing to do so, plaintiff cannot raise this claimed breach for the first time here.

Of course, if GMC's alleged discriminatory conduct did *not* constitute a breach of the collective bargaining contract, then jurisdiction to adjudicate claims based thereon would rest exclusively with the National Labor Relations Board as violations of §§ 8(a)(1) and (a)(3) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1) and (a)(3). As noted above, plaintiff filed unfair labor practice charges with the Board based on these sections of the Act; the Board declined to issue a complaint on the ground that the charges were not warranted.

In any event, the discussion which follows regarding the plaintiff's failure to raise a genuine fact issue on the union's breach of its fair representation duty is equally pertinent to his claims based on the company's discriminatory conduct.

grievances with the union contesting the use of management personnel, specifically foremen, to do bargaining unit work. Plaintiff also stated that the union processed the grievances through the grievance procedure, but that the underlying problem was never resolved to his satisfaction.

From 1974 to the commencement of this action, defendant GMC's records indicate that plaintiff was given disciplinary layoffs on thirteen occasions for violations of shop rules. Plaintiff agreed at his deposition that all of these disciplinary layoffs were processed through the grievance procedure and settled. As a result, plaintiff received back pay with respect to twelve of the disciplinary layoffs and his record was cleared of discipline. The one grievance for which he did not receive back pay was compromised in settlement.

Plaintiff's opposition to GMC's motion for summary judgment contains a general statement that there "are material issues of fact in dispute," accompanied by a list of such fact issues which appears to be nothing more than a rehash of the complaint. He has not, however, supported his opposition with affidavits, or as otherwise allowed by the Federal Rules of Civil Procedure. He has, therefore, failed to set forth specific facts showing that there are genuine issues for trial. If defendant GMC has successfully carried its burden of demonstrating the absence of any genuine fact issues, summary judgment is appropriate.

■ It is well settled that in order for an individual employee to prevail in an action brought under § 301, 29 U.S.C. § 185, against his employer for breach of contract, he must first demonstrate that the union breached its duty of fair representation in processing or failing to process his contractual grievance. *Vaca v. Sipes*, 386 U.S. 171, 185–86, 87 S.Ct. 903, 914–15, 17 L.Ed.2d 842 (1967); *Soto Segarra v. Sea-Land Service, Inc.*, 581 F.2d 291, 294–95 (1st Cir. 1978). "That duty of fair representation is breached if the union treats the grievance in an arbitrary, discriminatory or bad faith manner. For example, the union 'may not arbitrarily ignore a meritorious grievance or

process it in perfunctory fashion.'" *Soto Segarra, supra*, at 295 (citing *Vaca, supra*, 386 U.S. at 191, 87 S.Ct. at 917).

■ The plaintiff here is not relieved from his obligations under Rule 56(e) by the mere fact that he must demonstrate the union's bad faith or arbitrary conduct. Although "great circumspection is required where summary judgment is sought on an issue involving state of mind . . . , that does not mean that a party against whom summary judgment is sought is entitled to a trial simply because he has asserted a cause of action to which state of mind is a material element." *Hahn v. Sargent*, 523 F.2d 461, 468 (1st Cir. 1975).

■ In view of the Board's finding that the union did not breach its duty of fair representation toward plaintiff and in view of the plaintiff's own testimony at deposition that the union did process his grievances that he received back pay on all but one of the grievances regarding his disciplinary layoffs, and that he was merely unsatisfied with regard to the union's resolution of the grievances regarding GMC's use of management personnel, I rule that defendant GMC has demonstrated the absence of any genuine fact issue as to the union's breach of its fair representation duty. Since plaintiff has failed to respond with affidavits or otherwise, I rule that the plaintiff has failed to raise a genuine issue on the fair representation issue and that GMC is therefore entitled to summary judgment on plaintiff's contract claims.

■ There is another basis on which to grant summary judgment on plaintiff's claims regarding the company's alleged improper use of management personnel. Plaintiff does not allege in his complaint that he himself has suffered any injury as the result of the alleged use of management personnel, and he admitted in his deposition that he has in fact suffered no injury. On this basis alone, plaintiff lacks the requisite standing to enforce that particular contract provisions in a § 301 action. *See Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 38, 96 S.Ct. 1917, 1924,

48 L.Ed.2d 450 (1976); *Warth v. Seldin*, 422 U.S. 490, 498–99, 95 S.Ct. 2197, 2204–2205, 45 L.Ed.2d 343 (1975). *See also Brown v. Sterling Aluminum Products Corp.*, 365 F.2d 651, 657 (8th Cir. 1966), *cert. denied*, 386 U.S. 957, 87 S.Ct. 1023, 18 L.Ed.2d 105, *rehearing denied*, 386 U.S. 1027, 87 S.Ct. 1370, 18 L.Ed.2d 471 (1967).

### B. *LMRDA Claim Against GMC*

GMC has moved to dismiss plaintiff's claim against it under the LMRDA on the ground that this Court lacks subject matter jurisdiction. Plaintiff alleges that GMC violated his rights under the free speech provision of the LMRDA, 29 U.S.C. § 411(a)(2).

The Court of Appeals for this Circuit has unequivocally held that the LMRDA provides a right of action against unions only and that, as a matter of law, no relief can be secured against an employer. *Hayes v. Consolidated Service Corp.*, 517 F.2d 564, 566 (1st Cir. 1975). On this basis, the LMRDA claim against GMC must be dismissed.

### C. *Conspiracy Claim Against GMC*

The defendant has also moved to dismiss plaintiff's conspiracy claim on the ground that this Court lacks subject matter jurisdiction. The plaintiff alleges that both GMC and the union defendants engaged in a conspiracy to violate plaintiff's rights under the collective bargaining agreement and under the LMRDA.

In *Abrams v. Carrier Corp.*, 434 F.2d 1234 (2d Cir. 1970), *cert. denied*, 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971), the Second Circuit dismissed similar conspiracy claims brought against an employer and union defendants. The Court stated:

"The complaint additionally alleges a plethora of conspiracy claims against all the defendants, charging them with conspiring to commit the various wrongs charged against each defendant individually. These claims must be dismissed for two reasons. First, there exists no federal statute conferring independent jurisdiction upon the federal courts for claims of civil conspiracy in the labor relations field, . . . nor does conspiracy to violate either a labor contract or an individual's rights under the LMRDA suffice to vest the courts with jurisdiction pursuant to § 301 of the LMRA or § 102 of the LMRDA, respectively. . . . Second, we find no authority creating a common law federal tort based upon an allegation of conspiracy alone." *Id.* at 1253–54 (citations omitted).

For the reasons stated in *Abrams*, this Court lacks jurisdiction over the conspiracy claim,[3] and it must be dismissed.

### II. *Claims Against The Union Defendants*

#### A. *Fair Representation and Conspiracy Claims Against Union Defendants*

For the reasons stated above in my discussion of plaintiff's claims against defendant GMC, the union defendants are entitled to summary judgment on plaintiff's fair representation claim and an order of dismissal on plaintiff's conspiracy claim.[4]

#### B. *LMRDA Claim Against Union Defendants*

The union defendants have moved for summary judgment on most of the allega-

---

3. Conspiracy may, in certain very limited circumstances, constitute a separate cause of action under Massachusetts tort law. *Neustadt v. Employers' Liability Assurance Corp.*, 303 Mass. 321, 325, 21 N.E.2d 538 (1939); *Fleming v. Dane*, 304 Mass. 46, 50–51, 22 N.E.2d 609 (1939). However, even assuming arguendo that those circumstances exist here, the state law of conspiracy has no role to play in this case. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 729–35, 86 S.Ct. 1130, 1140–44, 16 L.Ed.2d 218 (1966); *Teamsters Union v. Morton*, 377 U.S. 252, 257–61, 84 S.Ct. 1253, 1257–

59, 12 L.Ed.2d 280 (1964). In any event, because I have dismissed or rendered summary judgment for defendants on all of plaintiff's federal claims, there is no basis for exercise of pendent jurisdiction over plaintiff's conspiracy claim to the extent it does state a cause of action under state law. *Gibbs, supra* 383 U.S. at 726, 86 S.Ct. at 1139.

4. As to plaintiff's claim that the union defendants discriminated against plaintiff, see discussion in note 2, *supra*.

tions contained in plaintiff's complaint on the ground that they are barred by the statute of limitations as to the remaining allegations, the union defendants contend that there are no genuine issues of fact and that they are entitled to judgment as a matter of law.

Since the LMRDA does not contain an express statute of limitations, this Court must look to the most analogous state statute of limitations. *Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112–13, 16 L.Ed.2d 192 (1966). The Court of Appeals for this Circuit has not yet had occasion to determine which state statute of limitations is most appropriate in an action under the LMRDA. The First Circuit has, however, held that fair representation suits are governed by the state tort statute of limitations. *De Arroyo v. Sindicato De Trabajadores Packinghouse*, 425 F.2d 281, 287 (1st Cir.), *cert. denied*, 400 U.S. 877, 91 S.Ct. 117, 27 L.Ed.2d 114 (1970). The Massachusetts tort statute of limitations, Mass.Gen.Laws ch. 260, § 2A, is three years. The union defendants contend that the tort statute, rather than the longer contract statute, also governs plaintiff's claim under the LMRDA.

Plaintiff's claim under the free speech provision of the LMRDA, 29 U.S.C. § 411(a)(2), is very analogous to an action based on infringement of rights arising under the First Amendment. The First Circuit has held that a civil rights action based on the First Amendment is governed by the state tort, not contract, statute of limitations. *Graffals Gonzalez v. Garcia Santiago*, 550 F.2d 687, 688 (1st Cir. 1977). And, other courts have applied the state tort statute of limitations to free speech claims under the LMRDA on the ground that they are more analogous to an action sounding in tort than one sounding in contract. *E. g., Howard v. Aluminum Workers International Union*, 589 F.2d 771, 774 (4th Cir. 1978); *Sewell v. Grand Lodge of International Association of Machinists*, 445 F.2d 545, 550 (5th Cir. 1971), *cert. denied*, 404 U.S. 1024, 92 S.Ct. 674, 30 L.Ed.2d 674 (1972). Based on the foregoing I rule that the three-year

Massachusetts tort statute of limitations is the most appropriate, and therefore will govern, plaintiff's free speech claims under the LMRDA. Since plaintiff filed this action on August 7, 1979, all allegations concerning activity taking place more than three years earlier are time-barred.

In support of their motion for summary judgment, the union defendants rely primarily on the deposition testimony of the plaintiff. From his testimony, it appears that, of those allegations which can even remotely be viewed as pertinent to the plaintiff's LMRDA claim, the following occurred more than three years before the complaint was filed: the alleged harassment and vandalism; plaintiff's transfer to an isolated tire balcony; plaintiff's seclusion in a room; plaintiff's two-week suspension for refusing to cease protesting the use of management personnel; and plaintiff's alleged ouster as editor of the union newspaper and his inability to contribute articles to the newspaper. As to these allegations, the union defendants have carried their burden of establishing the absence of any genuine issues regarding the timeliness of plaintiff's LMRDA claim.

Plaintiff's opposition to the union defendant's summary judgment motion is not supported by affidavits, or other documentation, setting forth specific facts showing that genuine issues exist for trial. Plaintiff merely states that the "act of refusing the plaintiff access to the union newspaper is ongoing," and that the complaint sets forth "a series of discriminatory and wrongful acts by union and management, but there are additional wrongs for which the plaintiff seeks redress." This response is hardly adequate under Rule 56(e) and I therefore rule that the union defendants are entitled to summary judgment on the allegations set forth above, to the extent they can be viewed as stating a claim under the free speech provision of the LMRDA.

The union defendants have also moved for summary judgment on the remaining allegations of plaintiff's complaint on the ground that there are no genuine fact issues and plaintiff has failed to state

an LMRDA claim as a matter of law. These allegations are: that plaintiff was denied coffee breaks, that he was denied the right to converse with co-workers, and that he was forced to defend a $300,000 law suit brought by defendant Ayik. Plaintiff's own deposition testimony establishes that he was never denied coffee breaks guaranteed under the collective bargaining agreement, but only the alleged right to drink coffee while working. As to the denial of his right to speak to co-workers, plaintiff testified that he thought he had an unrestricted right to talk to other employees who were working. Plaintiff also testified that both the coffee break problem and the conversation problem have since been resolved. In addition, the lawsuit filed by Ayik has now been withdrawn. Even assuming that these three remaining allegations state a live case or controversy, I rule that they fail to state a claim under the free speech provision of the LMRDA and, therefore, that the union defendants are entitled to summary judgment on these allegations as well.

Plaintiff has also made passing reference in his complaint to the "disciplinary rights" section of the LMRDA, 29 U.S.C. § 411(a)(5). However, since the three remaining allegations do not state that plaintiff has been "fined, suspended, expelled, or otherwise disciplined," he fails to state a claim under that section as well.

Plaintiff's claim against GMC and the union defendants under the First Amendment is frivolous and deserves no separate consideration. See *Hudgens v. NLRB*, 424 U.S. 507, 96 S.Ct. 1029, 47 L.Ed.2d 196 (1976).

Order accordingly.