Brassard, J.

INTRODUCTION

The plaintiff, Misha Defonseca, filed the present action against the defendants seeking damages for breach of contract, breach of implied covenant of good faith and fair dealing, legal malpractice, violation of Mass. Gen. L. ch. 93A, intentional interference with contractual relations, fraud, negligence, and civil conspiracy. The matter is presently before the court on the defendant, Shirley Sandler’s, motion to dismiss Count XIII, Intentional Interference with Contractual Relations, and Count XIV, Civil Conspiracy, pursuant to MassR.Civ.Pro. 12(b)(6).[2] The defendant asserts that there are no grounds for intentional interference with contractual relations because the plaintiff failed to allege the contract was breached, and that a claim of civil conspiracy cannot be sustained without underlying tortious activity. For the reasons set forth below, the defendant’s motion to dismiss is DENIED.

BACKGROUND

The amended complaint sets forth the following allegations. Plaintiff, Misha Defonseca (“Defonseca”), wrote an autobiography about her childhood in Nazi Europe titled Misha: a Memoir of the Holocaust Years (“the Book”). Defonseca had a contract (“Publishing Agreement”) with Mt. Ivy Press L.P. (“Mt. Ivy”). In the Publishing Agreement, Mt. Ivy agreed to publish and market the Book, and Defonseca agreed to cooperate with Mt. Ivy’s efforts to market the book. During the course of their business relationship, Defonseca brought a cross-claim action in Vera Lee v. Mt. Ivy Press, L.P. et al. (the “Related Action”), against Mt. Ivy and its president Jane Daniel (“Daniel”) for attempting to deprive Defonseca of her rights to the Book. Mt. Ivy and Daniel were found liable, and Defonseca was awarded a $7.5 million judgment on August 21, 2001 in the Middlesex Superior Court.
Shirley R. Sandler (“Sandler”) is a public relations professional, and was retained by Mt. Ivy to market and promote the Book in the United States. However, at Daniel’s request, Sandler acted in manner so as to create the appearance that Defonseca was not complying with her obligation to cooperate with Mt. Ivy’s marketing efforts. Among other things, Sandler scheduled engagements for times when she knew Defonseca was unavailable, gave short notice of scheduled engagements, refused to answer Defonseca’s questions regarding the content and format of the interviews, and scheduled hostile and inappropriate interviews. This eventually resulted in a cross claim in the Related Action by Mt. Ivy against Defonseca for breach of the Publishing Agreement. However, after a jury trial, Defonseca was found not to have breached. Defonseca filed the present actions against the defendants on January 24, 2002.

DISCUSSION

When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Fairney v. Savogran Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). “The complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). “[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville Plaza, Inc. v. *10 Kotseas, 378 Mass. 85, 89 (1979). A complaint should not be dismissed simply because it asserts a new or extreme theory of liability. Bell v. Massa, 394 Mass. 176, 183 (1984); Jenkins v. Jenkins, 15 Mass.App.Ct. 934, 934 (1983). All inferences should be drawn in the plaintiffs favor in the complaint “so as to do substantial justice.” Ourfalian v. Aro Mfg. Co., Inc., 31 Mass.App.Ct. 294, 296 (1991).

A. Intentional Interference with Contractual Relations

The Supreme Judicial Court has recognized Restatement (Second) of Torts §§766,[3] 766A[4] to be the law in the Commonwealth with respect to intentional interference with contractual obligations. Shafir v. Steele, 431 Mass. 365, 369 (2000). See also Boyle v. Boston Found., Inc., 788 F.Sup. 627, 630 (D.Mass. 1992) (applying Restatement (Second) of Torts (1979) §766A and not requiring breach of contract as an element to state a claim for intentional interference with contractual relations); Anzalone v. Massachusetts Bay Transp. Auth., 403 Mass. 119, 123 (1988) (breach of contract was not required as an element to state a claim for intentional interference with contractual relations). Restatement (Second) of Torts (1979) §766 is the applicable law when the defendant interferes with a third person’s performance of a contract between that person and the plaintiff, and §766A is applied when the defendant interferes with the plaintiff s performance of a contract with a third person.5 Shafir, 431 Mass. at 369. To maintain a claim for intentional interference with contractual relations under §766A, the plaintiff must allege: [1] [the defendant] “intentionally and improperly interfered with the performance of a contract. . . between another and a third person, [2] by preventing the other from performing the contract or causing his performance to be more expensive or burdensome ...’’ Shafir, 431 Mass. at 369, quoting Restatement (Second) of Torts §766A (1979). See also Boyle, 788 F.Sup. at 630 (wrongdoer may be liable for making plaintiffs performance of the contract more burdensome). Therefore, if the plaintiffs performance of the contract was made more expensive or burdensome by the defendant’s intentional actions, breach of contract is not a required element of intentional interference with contractual relations under §766A.[6] Shafir, 431 Mass. at 369. See also Boyle, 788 F.Sup. at 630; Anzalone, 403 Mass. at 123.
In Defonseca’s amended complaint, sufficient facts are alleged to state a claim for intentional interference with contractual relations. The amended complaint alleged that Sandler knew about the Publishing Agreement between Defonseca and Mt. Ivy, and intentionally interfered with its performance when she, among other things, scheduled engagements for times when she knew Defonseca would be unavailable, gave short notice of scheduled engagements, refused to answer questions regarding the content and format of the interviews, and scheduled hostile and inappropriate interviews. Although Sandler’s actions did not cause Defonseca to breach her contract with Mt. Ivy, the performance of her obligation to cooperate with Mt. Ivy’s marketing efforts became more burdensome. See Shafir at 369. Defonseca alleged that she suffered substantial monetary damages due to Sandler’s intentional interference with the contract. Accordingly, this count should not be dismissed.
B. Civil Conspiracy
The Commonwealth recognizes two types of civil conspiracy. The first type requires proof of coercion and the second requires proof of a common plan to commit a tortious act. Kurker v. Hill, 44 Mass.App.Ct. 184, 188-89 (1998); Stock v. Fife, 13 Mass.App.Ct. 75, 82 n. 10 (1982); Aetna Casualty Insurance Co. v. P&B Autobody, 43 F.3d 1546, 1563-64 (1st Cir. 1994).“The element of coercion has been required only if there was no independent basis for imposing tort liability— where the wrong was in the particular combination of the defendants rather than in the tortious nature of the underlying conduct.” Kurker, 44 Mass.App.Ct. at 188. The plaintiff must allege that as a collective the defendants had a special coercive power that they did not have individually. Aetna, 43 F.3d at 1564; Kurker, 44 Mass.App.Ct. at 188; Neustadt v. Employers’ Lia. Assur. Corp., 303 Mass. 321, 325 (1939). The second type of civil conspiracy is akin to joint liability for concerted actions. Kurker, 44 Mass.App.Ct. at 189; Aetna, 43 F.3d at 1564. To state a claim for this type of civil conspiracy, the plaintiff must allege “first, a common design or an agreement, although not necessarily express, between two or more persons to do a wrongful act and, second, proof of some tortious act in furtherance of the agreement.” Aetna, 43 F.3d at 1564 (referring to Restatement (Second) of Tort (1977) §876 cmt. b).
Analyzing this case under the second type of civil conspiracy, this court concludes that Defonseca alleges facts sufficient to state a claim for civil conspiracy. In the amended complaint, Defonseca alleges an agreement between Sandler and Daniel to commit a wrongful act and tortious conduct in furtherance of the agreement. Defonseca alleges that Sandler and Daniel acted in concert to interfere with her rights to the Book and to create the appearance that Defonseca breached the Publishing Agreement. At Daniel’s request, the complaint alleges, Sandler intentionally scheduled engagements when she knew Defonseca was unavailable, gave short notice of scheduled engagements, refused to answer questions regarding the content and format of the interviews, and scheduled Defonseca for hostile and inappropriate interviews. Defonseca alleges that she suffered monetary damages as a result of Sandler and Daniel’s conspiratorial conduct. Accordingly, this count should not be dismissed.
ORDER
For the reasons stated herein, it is hereby ORDERED that the defendant’s motion to dismiss pursu *11 ant to Mass.R.Civ.P. 12(b)(6) be DENIED as to Count XIII, Intentional Interference with Contractual Relations, and Count XIV, Civil Conspiracy.

Defendant’s original 12(b)(6) motion was dismissed without prejudice when the plaintiffs motion to amend the original complaint was granted.

§766-Intentional Interference with Performance of Contract by Third Person-One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person. Restatement (Second) of Torts, v. 4, §766 (1979)

§766A-Intentional Interference with Another’s Performance of His Own Contract-One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person, by preventing the other from performing the contract or causing his performance to be more expensive or burdensome, is subject to liability to the other for the pecuniary loss resulting to him. Restatement (Second) of Torts, §766A (1979).

Sandler cites cases Abramian v. President & Fellows of Harvard College, 432 Mass. 107, 122 (2000), and Williams v. B&K Medical Systems, 49 Mass. App. Ct. 563, 573 (2000), and urges that breach of contract is a required element to state a claim for intentional interference with contractual relations. In both of those cases, the defendant allegedly interfered with a third party’s performance of the contract between the plaintiff and the third party. Restatement (Second) of Torts (1979) §766, not §766A, is controlling for that type of intentional interference. Therefore these cases can be distinguished from the case at bar, where it is the plaintiffs performance of the contract that is made more burdensome.